```
                   IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF SOUTH CAROLINA
```

| | | |
|---|---|---|
| Frederick Knowles, #266647, | ) | C. A. No. 2:06-1424-GRA-RSC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| -versus- | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Richard Bazzle; and Henry McMaster, Attorney General for South Carolina, | ) ) ) | |
| | ) | |
| Respondents. | ) | |

This habeas corpus petition under 28 U.S.C. § 2254 by a state prisoner proceeding *pro se* and *in forma pauperis* is before the undersigned United States Magistrate Judge for a report and recommendation on the respondents' summary judgment motion filed on September 8, 2006.  28 U.S.C. § 636(b).

## PROCEDURAL HISTORY

The petitioner, Frederick Knowles, is currently incarcerated in Perry Correctional Institution a facility of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court of Greenville County. Petitioner was indicted in February 2000 for possession of crack cocaine with intent to distribute. (PCR App. pp. 191-92). Daniel J. Farnsworth, Jr., Esquire, represented Petitioner on the charge. A jury trial was held May 25, 2000, before the Honorable C. Victor Pyle at the conclusion of which the jury convicted Petitioner as charged. (PCR App. p. 126, lines 9-15). The judge sentenced Petitioner to fifteen (15) years imprisonment. (PCR

1

App. p. 131, lines 5-8).

Petitioner appealed and was represented by Robert M. Dudek, Assistant Appellate Defender of the South Carolina Office of Appellate Defense. Dudek filed a Final <u>Anders</u> Brief of Appellant in the South Carolina Court of Appeals on November 13, 2001, and raised the following issue:

> Whether the judge erred by refusing to direct a verdict of acquittal where the police searched appellant three prior times on the night of his arrest without finding contraband, and claimed during the fourth search in the jail to find crack cocain, since this evidence and the chain of custody were both so unreliable the case should not have gone to the jury?

(Final <u>Anders</u> Brief of Appellant, p. 3).

On December 27, 2001, Petitioner filed a <u>pro se</u> petition and raised the following additional issues:

> I. Because the S.C. Const. Art. V. § 4, Art, I § 23, and Art. I § 3 was violated in this instant case, the General Sessions Court did not have subject matter jurisdiction to entertain the Appellant's criminal case.
>
> II. Because the 14th Amendment of the United States Constitution will not tolerate a conviction on false evidence it was an error to convict the Appellant by the testimony forthwith at his trial.
>
> III. Because the prosecution failed to establish a complete chain of custody on the controlled substance as far as practicable it was an error by the General Sessions Court not to grant the motion for a direct verdict in favor of the Appellant.

(Pro Se Brief, p. 2).

The South Carolina Court of Appeals affirmed the conviction

on May 23, 2002, and issued the remittitur on June 26, 2002. Petitioner did not seek certiorari review by the Supreme Court of South Carolina.

On June 12, 2002, Petitioner filed a pro se application for post-conviction relief ("PCR"), in which he raised the following claims:

> 9(a) Ineffective assistance of counsel at trial;
>
> 9(b) Ineffective assistance of counsel on appeal;
>
> 9(c) The General Sessions court lacked subject matter jurisdiction.

(PCR App. p. 134).

An evidentiary hearing into the matter was held June 18, 2003, before the Honorable Edward W. Miller, Presiding Judge of the Thirteenth Judicial Circuit, at which the petitioner testified and was represented by Beattie Ashmore, Esquire. (PCR App. p. 157). Trial counsel Farnsworth also testified. Petitioner abandoned the ineffective assistance of appellate counsel claim and the lack of subject matter jurisdiction claims and presented only claims of ineffective assistance of trial counsel. (PCR App. pp. 16-61; p. 169). At the conclusion of the hearing, Judge Miller took the matter under advisement. (PCR App. p. 184). Judge Miller issued an order denying relief on August 19, 2003. (PCR App. pp. 186-90). Petitioner appealed.

Robert M. Pachak, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, represented Petitioner on

3

appeal. Pachak filed a <u>Johnson</u> Petition for Writ of Certiorari in the Supreme Court of South Carolina on June 28, 2004, and presented the following question:

> Whether there was sufficient evidence to support the PCR judge's findings that there was no probative evidence to support the petitioner's claim that a challenge to his traffic stop would have been successful?

(<u>Johnson</u> Petition, p. 2).

Petitioner filed a <u>pro se</u> petition on August 17, 2004, and raised the following additional questions:

> I. Did trial court lack subject matter jurisdiction?
>
> II. Did trial counsel performance render ineffective assistance of counsel?

(<u>Pro se</u> Petition, p. 1).

The Supreme Court of South Carolina denied the petition on July 21, 2005, and issued the remittitur on August 9, 2005. This petition followed timely.

Attached and incorporated by reference are the following documents:

> (1) PCR appendix;
>
> (2) Final <u>Anders</u> Brief of Appellant;
>
> (3) <u>Pro se</u> Brief of Appellant;
>
> (4) <u>State v. Knowles</u>, Unpublished Opinion No. 2002-UP-369 (S.C.Ct.App. Filed May 23, 2002);
>
> (5) June 26, 2002 Remittitur;

4

(6)   <u>Johnson</u> Petition for Writ of Certiorari;

(7)   <u>Pro se</u> Petition for Writ of Certiorari;

(8)   July 21, 2005 Supreme Court of South Carolina Order (denying petition);

(9)   August 9, 2005 Remittitur.

### **GROUNDS FOR RELIEF**

In his <u>pro se</u> Petition for Writ of Habeas Corpus, Petitioner raises the following challenges to his conviction:

> A.   Ground one:   Direct a verdict:   There should have directed verdict where contraband was not found on me despite the fact the police searched me three times on the night of my arrest. Then the crack cocaine the jailer claimed he found during a fourth search of my clothing in the jail.
>
> B.   Ground two:   Chain of Custody:   The event leading to and after the claim of the crack cocaine been found was so unlawful that there were never a chain of custody.  No one ever gave any count of how much they found or much it was when they received it.  No one ever fill out paper saying who gave it to them or what they receive.
>
> C. Ground Three:   Ineffective Assistance of counsel at trial:  My counsel failure to challenge the traffic stop which led to my arrest which was not based on probable cause.  The officer who stop me never gave me a reason or the court. Therefore, that was an illegal search and seizure.
>
> D.   Ground Four:   Subject matter jurisdiction. The indictment insufficiently stated and the indictment fail to put me on notice.  The indictment make no reference to the section which creats [sic] and defines the alleged crime to be charged, it only refers to the section which is only for enhancement.  Indictment only alleges that I (PWID) a quantity.  There's no mental state the indictment do no have the weight which aggravates the possession fails to allege drug

5

amount deprived me my rights.

(Habeas Petition, pp. 5-6).

The petitioner was provided a copy of the respondents' summary judgment motion on September 11, 2006, and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975). After two extensions of time, the petitioner responded to the motion on December 18, 2006. Hence it appears consideration of the motion is appropriate.

## **STANDARD OF REVIEW**

The present habeas corpus petition has a delivery date of March 13, 2006. Accordingly, the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") apply to this case. <u>Lindh v. Murphy</u>, 117 S.Ct. 2059 (1997). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. §2254(d)(1)(2).

The first requirement has been explained by the United States Supreme Court in <u>Williams v. Taylor</u>, 120 S.Ct. 1495 (2000)(plurality opinion). Writing for a plurality of the Court, Justice O'Connor held that,

> ... § 2254(d)(1) places a new constraint on the power of a federal habeas corpus court to grant a state habeas petitioner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1) the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) 'was contrary to. . . clearly established federal law as determined by the Supreme Court of the United States,' or (2) 'involved an unreasonable application of . . . clearly established Federal law as determined by the Supreme Court of the United States.'

<u>Id.</u> at 1523 (O'Connor, J., concurring in judgment).

With respect to the "unreasonable application" clause, Justice O'Connor further explained that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." <u>Id</u>. at 1522.

Additionally, a determination of a factual issue made by a state court shall be presumed correct. A credibility determination by the state court is also afforded deference. See, e.g., <u>McWee v. Weldon</u>, 283 F.3d 179, 186 (4th Cir. 2002); Coleman <u>v. Quarterman</u>, 456 F.3d 537, 540 (5th Cir. 2006); <u>Rolling</u>

v. Crosby, 438 F.3d 1298 (11th Cir. 2006). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

In sum, the AEDPA amendments exalt the role that a state court's decision plays in a habeas decision by specifically directing the federal court to make the state court decision the starting point of federal review; only if that decision deviates from the paradigm recited in § 2254(d) can a habeas court grant relief. A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly.

## DISCUSSION

A review of the record and relevant case law reveals the the petitioner is not entitled to habeas corpus relief and that the respondents' motion for summary judgment should be granted.

### A. DIRECTED VERDICT ALLEGATION

The petitioner claims that the trial court erred in not directing a verdict in his favor when the crack cocaine was not found in the initial searches but only found after a strip search at the jail. This issue was raised in the direct appeal in counsel's brief and is therefore exhausted and not defaulted. It may be reviewed here on the merits.

Even though the issue does not expressly rely on, or even

mention federal law, under Fourth Circuit precedent, it is, by its nature, a due process allegation. See Pope v. Netherland, 113 F.3d 1364, 1368 (4th Cir. 1997)("Any challenge to the sufficiency of the evidence to convict in a state prosecution is necessarily a due process challenge to the conviction")(citations omitted). Nonetheless, it appears that the petitioner is not entitled to relief here.

"Though claims of insufficient evidence are cognizable on collateral review, a federal court's review of such claims is 'sharply limited.'" Wilson v. Greene, 155 F.3d 396, 405 (4th Cir. 1998), quoting Wright v. West, 505 U.S. 277, 296(1992) (plurality opinion). "Thus, a defendant is entitled to relief only if 'no rational trier of fact could have found proof of guilt beyond a reasonable doubt.'" Id., quoting Jackson v. Virginia, 443 U.S. 307, 324 (1979).

There is evidence of record to support Petitioner's conviction under this standard. Petitioner was charged with possession with intent to distribute crack cocaine. (PCR App. pp. 191-92). Possession of more than one gram of crack creates a permissive inference of possession with the intent to distribute. See S.C. Code §44-53-375 (B). Evidence was presented to the jury at trial that Petitioner was arrested and during a strip search at the detention center pursuant to his arrest, a detention center officer recovered a bag of "white substance" from the

watch pocket on Petitioner's jeans. (PCR App. pp. 40-41). Testing of that substance showed the substance to be 2.10 grams of crack cocaine. (PCR App. p. 98). This constitutes evidence to support a rational fact-finding of guilt beyond a reasonable doubt; no due process violation has occurred.

Further, to the extent that Petitioner asserts not that the evidence was insufficient to convict him, but rather that he believes the jury should not have accepted the evidence of guilt in light of the fact that officers missed the cocaine in the initial searches prior to strip search, he does not present any alleged constitutional violation. The relevant issue is whether there was evidence before the jury that supported their finding of guilt. Therefore, there is no error.

### B. CHAIN OF CUSTODY ALLEGATION

Petitioner raised an ineffective assistance of counsel claim in regard to counsel's decision not to challenge the chain of custody. The PCR judge rejected the claim finding that Petitioner failed to establish that the chain was deficient. (PCR App. p. 189).

To prevail on an ineffective assistance of counsel claim, Petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. <u>Strickland v.</u>

Washington, 466 U.S. 668, 694 (1985). Petitioner bears the burden of proving error and prejudice in his ineffective assistance of counsel claim. Id.

As discussed supra, to obtain habeas relief, Petitioner must show there was an improper application of federal law in the state judge's decisionmaking , or "an unreasonable determination of the facts in light of the evidence presented in the state court proceedings." 28 U.S.C. § 2254(d). Here, Petitioner shows neither.

Judge Miller identified and correctly applied the Strickland error and prejudice test. (PCR App. pp. 188-89). Petitioner did not offer any evidence there was a break in the chain of custody, rather, at best, he argued simply for additional paperwork, as opposed to testimony from the stand. (PCR App. p. 168). Even here, he does not argue a break in the chain, he argues the officers did not note the amount of the substance when describing the receipt of the substance, and did not fill out "a paper." (Habeas Petition, p. 5). In short, he is arguing for specificity but he cannot establish any break in the chain of custody. Here, each officer who handled the substance testified at trial. (PCR App. pp. 40, 45, 93 and 97). The substance was tested and weighed when delivered to the crime lab. (PCR App. p. 98). Therefore, the chain was established.

The record supports Judge Miller's determination that

11

Petitioner failed to demonstrate a problem with the chain of custody, which in turn supports his determination that there was no error by counsel and no prejudice to Petitioner. The state court decision cannot be said to be contrary to clearly established federal law nor that it involved an unreasonable application of clearly established federal law.

### C. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

The petitioner claims that his trial lawyer should have challenged the traffic stop which led to Petitioner's arrest which Petitioner believes was not based upon probable cause and that error rendered his attorney's assistance constitutionally ineffective. This contention was raised in the petition for a writ of certiorari before the South Carolina Supreme Court following the denial of PCR. It is exhausted and not defaulted so that it may be reviewed here on the merits.

The PCR judge found that the stop was based upon probable cause because the vehicle had illegal dealer plates and because there were outstanding warrants against Petitioner. Since a determination of a factual issue made by a state court shall be presumed correct and since the petitioner failed in his burden of rebutting the presumption of correctness by clear and convincing evidence, 28 U.S.C. § 2254(e)(1), under Strickland, there was no prejudicial error in not contesting the stop. Petitioner is not entitled to relief on this ground.

12

D. CLAIM THAT THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION

In his last ground for relief, Petitioner asserts that the indictment was faulty and that robbed the court of jurisdiction. This ground was raised in Petitioner's pro se brief on direct appeal as ground one and can be reviewed here on the merits. However, again, relief should not issue.

First, subject matter jurisdiction is a state law issue and not cognizable in this federal habeas action. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)("[I]t is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions."); Wright v. Angelone, 151 F.3d 151, 158 (4th Cir. 1998)(jurisdiction is a matter of state law); 28 U.S.C. § 2254 (d)(1)(application shall not be granted unless the claim was based on an improper application of federal law). Therefore, no habeas claim has been brought.

Second, to the extent that Petitioner claims lack of notice due to an insufficient indictment, again, he fails to show a reliance of federal law. The fifth amendment's indictment clause does not apply to the states. See Alexander v. Louisiana, 405 U.S. 625, 633 (1972), see also Apprendi v. New Jersey, 530 U.S. 466, 477 n.3 (2000)(noting the fifth amendment's indictment process has not been held applicable to the states). Therefore, a claim that constitutionally sufficient notice may only be properly conveyed by specific language in an indictment is

13

erroneous. Due process of law does entitle a criminal defendant to notice, but the only constraint is that the notice be "reasonable." Cole v. Arkansas, 333 U.S. 196, 201 (1948); In re Oliver, 333 U.S. 257, 273 (1948). Therefore an indictment is not the exclusive means of giving constitutionally required notice. See also Hodgson v. Vermont, 168 U.S. 262, 272 (1897) ("[T]he words 'due process of law' in the Fourteenth Amendment of the Constitution of the United States do not necessarily require an indictment by a grand jury in a prosecution by a State for murder.")

Nonetheless, the indictment here alleged the crime of possession with intent to distribute crack cocaine. Petitioner has not borne his burden to demonstrate how this notice is unreasonable. Again, the state court decision cannot be said to be contrary to clearly established federal law nor that it involved an unreasonable application of clearly established federal law. Petitioner is not entitled to habeas corpus relief on his final ground.

## CONCLUSION

Accordingly for the aforementioned reasons it is recommended that the respondents' motion be granted and the case ended.

Respectfully submitted,

*Robert S. Carr*

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
~~February~~ March 2, 2007

15

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

16