UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Frederick Knowles, #266647, ) | |
| ) | C/A No. 2:06-cv-1424-GRA-RSC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| Richard Bazzle; and Henry McMaster, ) | |
| Attorney General for South Carolina, ) | |
| ) | |
| Respondents. ) | |
| ) | |

This matter comes before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D. S.C., and filed on March 2, 2007. Petitioner filed an action pursuant to 28 U.S.C. § 2254 on May 9, 2006. Respondents filed a motion for summary judgment on September 8, 2006. On September 11, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences for failure to adequately respond. The petitioner filed a response in opposition to summary judgment on December 18, 2006. The magistrate recommends granting respondents' motion for summary judgment and dismissing the petition.

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This

Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*.

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the

recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Petitioner filed objections on March 19, 2007.

Petitioner objects that there was a break in the chain of custody and therefore his attorney was ineffective in failing to object to the admission of the drugs into evidence. Petitioner argues that at trial, Sergeant Morgan claimed to have received the drugs from Sergeant Kenny, but Sergeant Kenny denied having ever received the drugs from Officer Munger. Petitioner argues that this constituted a break in the chain of custody.

After a review of the trial record, the Court is satisfied that the chain of custody was not broken as petitioner alleges. Officer Munger searched the defendant and removed a bag suspected to contain drugs. *Trial Transcript* 40. Officer Munger testified that he then passed the drugs on to Officer Morgan. *Id.* 45. Sergeant Kenny testified that Officer Munger never gave the drugs to him. *Id.* 65. On direct examination, Sergeant Morgan testified as follows:

> PROSECUTOR: Okay. Who did – who handed those drugs over, that white rocklike substance? Who handed that over to you?
>
> MORGAN: Sergeant Kenny.
>
> PROSECUTOR: Was it Sergeant Kenny? It was not Officer Munger?
>
> MORGAN: As I remember, Officer Munger gave it because he was standing on the other side of the counter, and Sergeant Kenny was standing in front of him. He just handed it over to him, and he gave it to

3

me because we were changing over at that time.

*Id.* 70-71. Sergeant Morgan's testimony illustrates that if Sergeant Kenny handled the bag of drugs at all, it was only long enough to pass it along to Sergeant Morgan. This does not prove a break in the chain of custody.

Petitioner next objects to the magistrate's reasoning on the issue of subject matter jurisdiction. However, petitioner admits that "there is no federal constitutional right to be tried in State Court by indictment." Petitioner cites to *Sanders v. United States*, 373 U.S. 1 (1982) for the proposition that if an indictment is so fundamentally defective as to deprive the state court of jurisdiction, then the federal court may be required to reach the merits of the issue. *Sanders* was a §2255 case and thus the petitioner was challenging his confinement pursuant to a federal sentence. Therefore the law petitioner cites is inapplicable to this §2254 case. The magistrate correctly found that *habeas* relief is not available for alleged errors of state law.

Petitioner quotes from *Apprendi v. New Jersey*, 530 U.S. 466 (2000) for the proposition that a deficient state court indictment gives rise to *habeas* relief. The *Apprendi* Court clarified its position in a later footnote:

> [T]he "due process of law" that the Fourteenth Amendment requires the States to provide to persons accused of crime encompasses the right to a trial by jury and the right to have every element of the offense proved beyond a reasonable doubt. That amendment has not, however, been construed to include the Fifth Amendment right to "presentment or

indictment of a Grand Jury"... (citations omitted)

*Id.* at 477 n. 3.

The remainder of petitioner's objections do not specifically address portions of the Report and Recommendation and so the Court need not respond to them.

After a review of the magistrate's Report and Recommendation, this Court finds the report is based upon the proper law.  Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that respondents' motion for summary judgment be GRANTED and the petition for writ of habeas corpus be DISMISSED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

June 1, 2007

Anderson, South Carolina

5

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.